IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENZEL JORDAN, <br> # M-55351, <br>                  Plaintiff, <br> vs. <br> SUZANN BAILEY, <br> JOHN BALDWIN, <br> JACQUELINE LASHBROOK, <br> BETSY SPILLER, <br> and LARUE LOVE, <br>                  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 16-cv-01126-MJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

      Plaintiff Denzel Jordan, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  He challenges the decision of several officials in the Illinois Department of Corrections ("IDOC") to serve inmates a soy-based diet while denying them medical care for the adverse side effects they suffer (Doc. 1, p. 5).  In connection with these claims, Plaintiff names John Baldwin (IDOC director), Jacqueline Lashbrook (Pinckneyville warden), Betsy Spiller (assistant warden of operations), LaRue Love (assistant warden of programs), and Suzann Bailey (food service administrator) for conspiring to violate his rights under the Eighth and Fourteenth Amendments (*id*. at 5).  Plaintiff seeks monetary relief against them (*id*. at 6).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint does not survive preliminary review under this standard and shall therefore be dismissed.

**Complaint**

The allegations in the complaint are set forth in a single paragraph (Doc. 1, p. 5). There, Plaintiff alleges that Defendants Baldwin, Lashbrook, Spiller, Love, and Bailey conspired with Doctor Vipen Shah to violate Plaintiff's rights by serving him a soy-based diet and "almost never" serving him fresh fruit (*id.*). Plaintiff has consumed the diet since November 19, 2015, and he claims that Doctor Shah has refused to provide inmates with "adequate medical care" for their "soy-related/complaints" since that time (*id.*). Instead, the defendants have "poket[ed] (sic) the millions of dollars that they save[d]" by serving this diet (*id.*).

**Discussion**

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following enumerated counts:

> **Count 1:** **Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a soy diet and denying him adequate access to fresh fruit.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Doctor Shah for denying Plaintiff adequate medical care for his soy-related health complaints.**
>
> **Count 3:** **Conspiracy claim against Defendants for depriving Plaintiff of a nutritionally adequate diet in an effort to save money.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1**

The allegations in the complaint state no claim against the defendants for endangering Plaintiff's health by serving him a soy-based diet that includes little fresh fruit. The Seventh Circuit has held that prison officials must provide inmates with "nutritionally adequate food that

is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Their failure to do so may give rise to an Eighth Amendment claim.

The problem with Plaintiff's claim is that he includes no allegations suggesting that the prison's diet caused him to suffer any adverse side effects. Assuming that it did, Plaintiff also failed to disclose any efforts on his part to put the defendants on notice of them. The complaint supports no Eighth Amendment claim against the defendants under the circumstances and shall be dismissed without prejudice.

## Count 2

The complaint also supports no claim against Doctor Shah for refusing to treat Plaintiff for symptoms he developed from the over-consumption of soy or the under-consumption of fresh fruit. Doctor Shah is not named as a defendant in this action. He is neither listed in the case caption of the complaint nor in the list of defendants. Plaintiff merely alludes to him in the statement of claim. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, this claim is considered dismissed without prejudice against Doctor Shah, who is not a named defendant.

## Count 3

The complaint also supports no conspiracy claim against the defendants. This claim consists of nothing more than conclusory allegations that the defendants pocketed money which should have been spent on the inmates' diet (Doc. 1, p. 5). Claims of conspiracy require a

factual foundation to survive preliminary review. *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id*. at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir. 1999)). Conclusory allegations of a conspiracy do not meet this standard. This claim shall be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

## Pending Motions

### 1. Motion for Recruitment of Counsel (Doc. 2)

Plaintiff's motion for recruitment of counsel (Doc. 2) is **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When a *pro se* litigant submits a request for counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). Plaintiff indicates that he sent out letters to attorneys that are attached to his motion; no such letters are attached. Therefore, the Court cannot conclude that his attempts to secure counsel on his own were

unsuccessful. It is not even clear when he sent the letters. Further, his claims are straightforward and simply require Plaintiff to describe the health problems (if any) that he suffered as a result of the prison's diet, and the efforts he made to put each defendant on notice of these health problems. The motion is denied without prejudice. However, the Court remains open to future requests for counsel, if Plaintiff is unable to secure counsel on his own and adequately explains why he requires assistance in litigating this matter.

**2.     Motion for Service of Process (Doc. 3)**

Plaintiff's motion for service of process at government expense (Doc. 3) is hereby **DENIED** as being unnecessary. Plaintiff was granted leave to proceed *in forma pauperis*. If any claims in an amended complaint survive preliminary review, the Court will order service of the lawsuit on each defendant. Plaintiff does not need to file another motion.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice and **COUNT 3** is **DISMISSED** with prejudice against Defendants **JOHN BALDWIN, JACQUELINE LASHBROOK, BETSY SPILLER, LARUE LOVE,** and **SUZANN BAILEY**, both for failure to state a claim upon which relief may be granted. All claims, including **COUNT 2**, are **DISMISSED** without prejudice against Doctor Vipen Shah, who is not named as a defendant in this action.

**IT IS ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint in *this* case, if he wishes to pursue Counts 1 or 2. The First Amended Complaint is due **on or before December 12, 2016.** Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See*

*generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number on the first page (Case No. 16-1126-MJR). Plaintiff must present each claim in a separate count (if he includes more than one claim), and each count shall specify, *by name*, each defendant alleged to be liable under the count for a violation of Plaintiff's federal constitutional rights, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his First Amended Complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must file any exhibits he wishes the Court to consider along with the First

Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 14, 2016**

<u>s/ **MICHAEL J. REAGAN**</u>
**Chief District Judge**
**United States District Court**