IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENZEL JORDAN, ) | |
| # M-55351, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-01126-MJR |
| ) | |
| SUZANN BAILEY, ) | |
| JOHN BALDWIN, ) | |
| JACQUELINE LASHBROOK, ) | |
| BETSY SPILLER, ) | |
| and LARUE LOVE, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Proceeding *pro se*, Plaintiff Denzel Jordan filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on October 12, 2016. (Doc. 1). In the Complaint, he challenged the decision of officials in the Illinois Department of Corrections ("IDOC") to serve inmates a soy-based diet while denying them medical care for adverse side effects of the diet. (Doc. 1, p. 5). He brought claims against these officials under the Eighth Amendment. *Id.* Plaintiff requested monetary damages against them. *Id.* at 6.

The Complaint did not survive preliminary review under 28 U.S.C. § 1915A. On November 14, 2016, the Court dismissed two Eighth Amendment claims (Counts 1 and 2) and a conspiracy claim (Count 3) against the defendants. (Doc. 9). However, Counts 1 and 2 were dismissed without prejudice, and Plaintiff was granted leave to file an amended complaint on or before December 12, 2016, if he wished to re-plead these claims. *Id.* Plaintiff was warned that failure to file an amended complaint by the deadline or consistent with the Court's Order

1

(Doc. 9) would result in dismissal of the action with prejudice. *Id*. (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). Further, he was advised that a "strike" would be assessed. *Id*. (citing 28 U.S.C. § 1915(g)).

The deadline for filing the amended complaint has now passed. Plaintiff did not file a First Amended Complaint. He also did not request an extension of the deadline for doing so. The Court will not allow this matter to linger indefinitely.

Accordingly, the action is hereby **DISMISSED with prejudice**, based on Plaintiff's failure to comply with this Court's Order (Doc. 9) dated November 14, 2016. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)

may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 19, 2016**

s/ MICHAEL J. REAGAN  
**Chief Judge**  
**United States District Judge**
